UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLAINTIFF DOCTOR | CIVIL ACTION |
| VERSUS | NO. 18-7945 |
| HOSPITAL SERVICE DISTRICT #3 ET AL. | SECTION M (3) |

## ORDER & REASONS

Before the Court is a Motion to Dismiss[1] filed on behalf of defendants, Hospital Service District No. 3 Parish of Lafourche d/b/a Thibodaux Regional Medical Center ("TRMC"), Board of Commissioners of Thibodaux Regional Medical Center ("the Board"), Medical Executive Committee of Thibodaux Regional Medical Center ("MEC"), Credentials Committee of Thibodaux Regional Medical Center ("Credentials Committee"), and Greg Stock, the CEO of TRMC (collectively, "Defendants"). The plaintiff, Plaintiff Doctor ("Plaintiff"), responds in opposition,[2] to which the Defendants reply,[3] and to which the Plaintiff files a surreply.[4] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

I.     BACKGROUND

This litigation arises from TRMC's suspension of Plaintiff's clinical privileges in obstetrics at TRMC.[5] Plaintiff alleges that in so doing and by "cherry picking" insured referrals for TRMC's employed physicians over uninsured referrals to Plaintiff, TRMC violated Sections 1 and 2 of the Sherman Act, breached TRMC's bylaws as a contract with Plaintiff, breached the bylaws in bad

---

[1] R. Doc. 21.
[2] R. Doc. 30.
[3] R. Doc. 33.
[4] R. Doc. 36.
[5] R. Doc. 1 at 17.

faith, tortiously interfered with the bylaws as a contract, committed abuse of rights and/or negligent misrepresentations, intentionally inflicted emotional distress and defamed Plaintiff, violated the Louisiana Unfair Trade Practices and Consumer Protection Law, and violated Plaintiff's due process and equal protection rights.[6]

Plaintiff seeks damages for the foregoing claims, a declaratory judgment that TRMC violated the law and that Plaintiff's suspension or any other adverse action is withdrawn, and injunctive relief to have Defendants reinstate Plaintiff's medical staff and clinical privileges, destroy all records relating to Defendants' adverse actions against Plaintiff, comply with all applicable law, and refrain from any other adverse action as to Plaintiff's privileges.[7]

## II. PENDING MOTION

Defendants seek to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for, *inter alia*, Plaintiff's failure to disclose his identity upon filing suit without seeking leave of court to proceed anonymously.[8] Defendants argue that Plaintiff has not demonstrated extraordinary circumstances to except Plaintiff from Federal Rule of Civil Procedure 10(a), which requires that the title of a complaint name all parties to the suit.[9] Defendants insists that the Court lacks jurisdiction over the unnamed party, and that no order *nunc pro tunc* can cure the jurisdictional defect.[10] Plaintiff responds that filing a lawsuit anonymously in the Fifth Circuit does not deprive the Court of jurisdiction.[11] Plaintiff requests to proceed anonymously for several reasons, including the claim's being a challenge to a governmental activity, as TRMC is a state-owned and operated facility; the confidentiality of Plaintiff's patients; Plaintiff's professional

---

[6] *Id.* at 23-34.
[7] *Id.* at 33-34.
[8] Because the Court grants Defendants' motion on this ground, the Court does not now address the other grounds for Defendants' Rule 12(b)(6) motion.
[9] R. Doc. 21-1 at 4-5.
[10] R. Doc. 33 at 2-3.
[11] R. Doc. 36 at 4-5.

2

reputation; lack of prejudice to Defendants; and a weak public interest in knowing Plaintiff's identity.[12]

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 10(a) requires pleadings to be captioned with a title. "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Rule 10(a) protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. *See id.* "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). However, proceeding under a fictitious name does not prevent public scrutiny of a trial that remains open, whereby the public may observe "the issues joined [and] the court's performance in resolving them." *Id.*

An exception to the "the almost universal practice of disclosure" exists under certain limited circumstances, whereby courts may grant leave for a party to use a fictitious name. *Id.* at 186 (minors challenging constitutionality of school prayer permitted to proceed under fictitious names). The Fifth Circuit has adopted a balancing test "of considerations calling for maintenance of a party's privacy against the customary constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 185-86. "Whether 'prosecution of the suit compel[s] plaintiffs to disclose information of the utmost intimacy' is one of the 'factors common to anonymous party suits [which] deserves considerable weight in the balance pitting privacy concerns against the

---

[12] R. Docs. 30 at 11-13; 36 at 5.

presumption of openness.'" *Doe v. Griffon Mgmt. LLC*, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014) (quoting *Stegall*, 653 F.2d at 185-86). Other factors that courts have weighed in favor of anonymity include actions with "constitutional overtones," *see Stegall*, 653 F.2d at 185, where the plaintiff "challeng[es] the constitutional, statutory or regulatory validity of government activity," or confesses a violation of the law or regulations. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *see, e.g.*, *Roe v. Ingraham*, 364 F. Supp. 536 (S.D.N.Y. 1973) (pseudonym permitted where plaintiffs challenged constitutionality of statute requiring disclosure of personal information to obtain prescription drugs). There is "no hard and fast formula for ascertaining whether a party may sue anonymously," rather, "the decision is left to the discretion of the district court." *Griffon Mgmt. LLC*, 2014 WL 7040390, at *1 (quoting and citing *Stegall*, 653 F.2d at 184, 186).

"Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. AstraZenec Pharm., LP*, 2015 WL 4661814, at *5 (E.D. La. Aug. 5, 2015) (quotation and citation omitted). Unlike these cases, which could be said to involve highly sensitive social stigmas, personal embarrassment from the community's disapproval is insufficient to warrant anonymity. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Moreover, public opinion about these issues "has become more diverse and accepting" in recent times, weighing in favor of "the public's interest in open judicial proceedings," even in such cases. *Doe v. BrownGreer PLC*, 2014 WL 4404033, at *2-3 (E.D. La. Sept. 5, 2014). It is also inappropriate to proceed anonymously when mere economic harm or harm to one's professional reputation is at stake. *See Wynne & Jaffe*, 599 F.2d at 713.

There is a circuit split as to whether proceeding anonymously without leave of court deprives the Court of jurisdiction. Courts in several circuits take the view that a federal court lacks jurisdiction over such unnamed parties, and that jurisdiction cannot be retroactively granted by a *nunc pro tunc* order that would grant leave to use a fictitious name. *See, e.g.*, *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005) (unnamed plaintiffs dismissed for lack of jurisdiction); *W.N.J. v. Yocom*, 257 F.3d 1171, 1173 (10th Cir. 2001) (same); *Estate of Rodriguez v. Drummond Co., Inc.*, 256 F. Supp. 2d 1250, 1257 (N.D. Ala. Apr. 14, 2003) (same). Courts in other circuits have concluded that "dismissal is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss." *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quotation omitted) (collecting cases from the Ninth Circuit); *see, e.g.*, *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (amendment of complaint permitted); *J.V. ex rel Ortiz v. Seminole Cty. Sch. Bd.*, 2005 WL 1243756, at *2 n.1 (M.D. Fla. May 25, 2005) (citing *Doe v. Barrow Cty.*, 219 F.R.D. 189, 192 (N.D. Ga. 2003)). While the Fifth Circuit has not expressly weighed in on this divide, it has typically allowed a plaintiff to proceed anonymously where warranted, *see, e.g.*, *Stegall*, 653 F.2d 180, or else to amend the caption to name the unidentified party. *See, e.g.*, *Doe v. AstraZeneca Pharm., LP*, 2015 WL 4661814, at *5 (E.D. La. Aug. 5, 2015). Thus, the Fifth Circuit has retained jurisdiction over parties who do not initially seek leave to proceed anonymously.

Plaintiff puts forth several grounds to support anonymity, including the nature of Plaintiff's suit as a challenge of a governmental activity, the confidentiality of Plaintiff's patients, Plaintiff's professional reputation, lack of prejudice to Defendants, and a weak public interest in knowing Plaintiff's identity. Defendants counter that Plaintiff's privacy interest is merely economic or

professional, and the privacy of Plaintiff's patients will be protected notwithstanding the disclosure of Plaintiff's name.

The Court agrees with Defendants that Plaintiff has failed to establish special circumstances that would merit anonymity. Plaintiff's concern about his professional reputation in the community is of mere economic or nonstigmatizing social consequence. *See Wynne & Jaffe*, 599 F.2d at 713 (denying request to use fictitious names where mere economic harm or harm to professional reputations at stake); *BrownGreer PLC*, 2014 WL 4404033 (denying request to use fictitious name when HIV-positive plaintiff claimed he would have difficulty finding new employment). Plaintiff has not alleged reputational harm due to a recognized social stigma. *See Frank*, 951 F.2d at 324. While Plaintiff attempts to characterize the highly sensitive nature of his patients' personal information as a reason to remain anonymous, the privacy concerns of Plaintiff's patients are distinct from Plaintiff's own. Though the caption may bear Plaintiff's name, the record may be redacted to prevent undue disclosure of patients' personal information. Moreover, challenging a governmental activity is not in and of itself a reason to proceed anonymously. *See id.* (prohibiting pseudonym where plaintiff asserted allegations of employment discrimination against Postal Service). As a result, Plaintiff's privacy interests here do not outweigh the public's interest in disclosure. Though there may be no prejudice to Defendants, who admittedly know Plaintiff's identity, "the mere filing of a civil action against other private parties," such as the CEO here, "may cause damage to their good names and reputation and may also result in economic harm. … Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." *Id.*; *see also BrownGreer PLC*, 2014 WL 4404033 (noting plaintiff's concerns about potential future economic harm were outweighed by public's interest in open judicial proceedings and basic fairness).

6

While Defendants and Plaintiff do not request amendment, the Court finds amendment to be the appropriate course of action, if Plaintiff should wish to proceed. *See AstraZeneca Pharm., LP*, 2015 WL 4661814, at *5.

## IV. CONCLUSION

Accordingly, considering the foregoing reasons,

**IT IS ORDERED** that Plaintiff Doctor amend the caption of this case and his allegations to reflect Plaintiff's true identity. Failure to do so within twenty-one (21) days shall result in dismissal without prejudice.

**IT IS FURTHER ORDERED** that the Motion to Seal the Motion for Preliminary Injunction (R. Doc. 23) and Motion to Seal Defendants' Opposition to the Motion for Preliminary Injunction (R. Doc. 38) are **DENIED.** Counsel shall redact information related to patient identity, if any, for re-submission into the record within twenty-one (21) days. However, information relating to Plaintiff Doctor's identity shall not be redacted.

New Orleans, Louisiana, this 29th day of January, 2019.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE