UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATCHEZ J. MORICE, III, M.D.     CIVIL ACTION

VERSUS     NO. 18-7945

HOSPITAL SERVICE DISTRICT #3,     SECTION M (3)
*et al.*

## ORDER & REASONS

Before the Court is a motion to reconsider the Court's December 27, 2019 Order & Reasons dismissing, *inter alia*, the procedural-due-process and equal-protection claims filed in this matter by plaintiff, Natchez J. Morice, III, M.D.[1] Defendants Hospital Service District No. 3 Parish of Lafourche d/b/a Thibodaux Regional Medical Center ("TRMC") and Greg Stock (collectively, "Defendants") oppose the motion,[2] and Dr. Morice replies in support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I. BACKGROUND**

This action arises out of TRMC's suspension and denial of Dr. Morice's clinical privileges in obstetrics at TRMC.[4] The pertinent facts and procedural history of this case were fully recited in the Court's December 27, 2019 Order & Reasons[5] and will not be restated herein.

Dr. Morice argues that the Court should reconsider its December 27, 2019 Order & Reasons in which it held that Dr. Morice had failed to state a due-process claim as to either the denial of his reappointment of privileges or his suspended privileges, and had also failed to state

---

[1] R. Doc. 90.
[2] R. Doc. 91.
[3] R. Doc. 96
[4] R. Doc. 86 at 2.
[5] *Id.* at 2-9.

an equal-protection claim.[6] Regarding his suspended privileges, Dr. Morice maintains that his due-process rights were violated when TRMC failed to include "any procedures or standards with respect to order of presentation, burden of proof, or evidentiary standard" in TRMC's Medical Staff Bylaws ("Bylaws"), and when TRMC disagreed with Dr. Morice's argument that TRMC should bear the burden of proof to establish the charges against him by a clear-and-convincing evidentiary standard, and instead conducted his hearing pursuant to a preponderance-of-the-evidence standard.[7] Regarding the denial of his reappointment of privileges, Dr. Morice questions the Court's holding that he had no property interest, and thus no due-process claim, in "lapsed" privileges because, so he argues, those privileges had not lapsed.[8] As support that he sufficiently stated a due-process claim, Dr. Morice also points to the Court's reasoning for rejecting immunity as grounds for dismissal and for not denying his claims for breach of contract and bad faith breach of contract.[9] Finally, Dr. Morice asserts that the Court erred in judging his equal-protection claim under rational-basis scrutiny because "due process protection and the right not to be denied his property interests in staff privileges are fundamental rights," but that even under a rational-basis test, he has a viable claim because he alleges that he was "singled out … in what is clear disparate treatment."[10] He maintains that reconsideration of these holdings is necessary to correct manifest errors and to prevent manifest injustice.[11]

Defendants counter that Dr. Morice has not provided sufficient facts or legal authority to support his contentions, but rather merely expresses disagreement with the Court's decision and

---

[6] R. Doc. 86 at 46-48.
[7] R. Doc. 90-1 at 9-10.
[8] *Id.* at 16.
[9] *Id.* at 17-18.
[10] *Id.* at 19.
[11] *Id.* at 7-8. Thus, in seeking reconsideration, Dr. Morice does not rely upon newly discovered evidence or an intervening change in controlling law.

"just rehashes old arguments which were contained in his prior pleadings."[12]

In reply, in addition to reiterating the arguments he made previously, Dr. Morice emphasizes that both the Court's determination that Dr. Morice's obstetrics privileges had lapsed and its dismissal of his constitutional claims, having been made early in the proceedings, give less reason to view a motion for reconsideration unfavorably.[13] He also argues that he has sufficiently pled a "class of one" equal-protection claim.[14] Regarding his due-process claim based on the termination of his obstetrics privileges, Dr. Morice argues that the Court went beyond the allegations of the amended complaint in issuing its ruling because the Court conducted its own analysis of the Bylaws.[15] In the alternative, Dr. Morice reurges his request that the Court grant him leave to amend his complaint in order to further specify his constitutional claims.[16]

## II. LAW & ANALYSIS

### A. Motion for Reconsideration Standard

Because this Court's December 27, 2019 Order did not dismiss all of Morice's claims against Defendants, it was an interlocutory order. Rule 54(b) of the Federal Rules of Civil Procedure states in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*,

---

[12] R. Doc. 91 at 4.
[13] R. Doc. 96 at 1-3.
[14] *Id.* at 3-8.
[15] *Id.* at 8.
[16] *Id.* at 7-8, 10.

3

659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

The general practice in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1434398, at *3-4 (E.D. La. Apr. 5, 2010). A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. Manifest error is error that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Crain v. Schlumberger Tech. Co.*, 2016 WL 4508335, at *1 (E.D. La. Aug. 29, 2016) (citation omitted). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted).

### B. Analysis

The Court is not persuaded that reconsideration is warranted. Dr. Morice has wholly failed to demonstrate that the Court's decision to dismiss his constitutional claims rested on any manifest

4

error of law or fact or that reconsideration is necessary to prevent manifest injustice. Dr. Morice presents mostly the same arguments he made previously, with nearly identical citations (or lack thereof),[17] showing only that he disagrees with the Court's ruling, even though "a motion for reconsideration is not an opportunity to rehash evidence and arguments already espoused." *Crain*, 2016 WL 4508335, at *2. At no point in his entire motion does Dr. Morice identify any controlling law or dispositive fact that the Court ignored in deciding to dismiss these claims.

As to his due-process claim regarding the suspension of his obstetric privileges, the Court already considered and rejected Dr. Morice's argument that the Bylaws should have contained provisions governing the burden of proof and evidentiary standard for hearings, as well as his argument that TRMC should have applied a clear-and-convincing evidentiary standard.[18] The Court specifically noted that "Dr. Morice cite[d] no case law in support of his position that the absence of these provisions in a hospital's bylaws would cause the hearing and appeals process itself to violate due process,"[19] and now notes that Dr. Morice still fails to identify any law supporting this position.[20] Regarding the denial of his reappointment of privileges, as Defendants point out, the Court has now ***twice*** rejected Dr. Morice's contention that his privileges had not

---

[17] As Defendants observe, Dr. Morice even "cop[ied] and pasted language from his previous briefs." R. Doc. 91 at 8.

[18] R. Doc. 86 at 47-48.

[19] *Id.* at 48.

[20] Rather, Dr. Morice offers the same exact citation he used in his memorandum in opposition to Defendants' motion to dismiss. *Compare* R. Doc. 90-1 at 10 (citing *Granger v. Christus Health Cent. La.*, 144 So. 3d 736, 745-66 (La. 2013)), *with* R. Doc. 82 at 48 (same). While *Granger* holds in part that a hospital's actions under its bylaws might be sufficient to trigger due-process protections, the case has no bearing on Dr. Morice's claim that the absence of bylaws provisions concerning the burden of proof or evidentiary standard amounts to a due-process violation. In reply, Dr. Morice counters that "Defendants have cited no cases in which any federal court has held that professional peer review of a physician, pursuant to bylaws with no directive whatsoever as to burden of proof/evidentiary standards, comports with procedural due process mandates." R. Doc. 96 at 8-9. This is besides the point. A plaintiff must state a claim that he is entitled to relief that is plausible on its face in order for his claim to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dr. Morice has not shown that the absence of these provisions can serve as the basis of a viable due-process claim.

5

lapsed before he requested reappointment of these privileges.[21]  Dr. Morice fails to show that the Court's dismissal of his due-process claim was manifest error.

Next, the Court finds no merit in Dr. Morice's new assertion, for which he provides no authority whatsoever, that "the right not to be denied his property interests in staff privileges" is a fundamental right worthy of heightened scrutiny under the Equal Protection Clause.[22]  Dr. Morice simply does not articulate any valid basis for a standard of review other than rational-basis scrutiny.[23]  Regardless, motions for reconsideration should not entertain "arguments which could, and should, have been made before the [order] issued," nor "allow a case to be argued under a new legal theory." *McAlpine v. Porsche Cars N. Am. Inc.*, 428 F. App'x 261, 263 (5th Cir. 2010) (citations omitted).

Furthermore, in seeking to revive his equal-protection claim, Dr. Morice's discussion of "class of one" cases misses the mark.[24]  Dr. Morice's equal-protection claim fails not because of the size of his alleged class, or because he fails to specifically allege that any other physicians were

---

[21] R. Doc. 91 at 7; *see* R. Doc. 86 at 46 n.122.  The Court adds that Dr. Morice's argument that the Court exceeded its role by conducting an analysis of the Bylaws is erroneous.  The Court did conduct an analysis of the Bylaws to determine that his obstetrics privileges had lapsed, but the Bylaws were repeatedly referenced in and integral to the amended complaint, so were appropriately considered by the Court in resolving the motion to dismiss, *see Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013), and the dates and events the Court utilized for this analysis were undisputed.  *See* R. Doc. 78.

[22] R. Doc. 90-1 at 19.

[23] Ironically, in reply, Dr. Morice appears to admit that rational-basis scrutiny applies in arguing that he has sufficiently pled a "class of one" equal-protection claim.  R. Doc. 96 at 3.  The test Dr. Morice now invokes to urge that he has sufficiently alleged an equal-protection violation – a test articulated by the Supreme Court for a "class of one" equal-protection claim in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) – is substantively the same as the test that Dr. Morice cited in his previous memoranda – a test articulated by the Fourth Circuit in *Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 233 (4th Cir. 2016) – with the exception that the former specifies that rational-basis scrutiny is to be used.  *Compare* R. Doc. 96 at 3 *with* R. Docs. 82 at 50; 90-1 at 18.

[24] Moreover, Dr. Morice's assertion that he has sufficiently pled a "class of one" equal-protection claim in his ***reply*** in support of his ***motion for reconsideration*** is the first time he has ever mentioned that he is asserting a "class of one" claim.  Previously, in support of his equal-protection claim, Dr. Morice cited to, *inter alia*, paragraph 39 of the amended complaint, which alleges that Defendants "singl[ed] out [Dr. Morice] ***and other physicians*** who have privileges at, but not employment through, TRMC for disciplinary action."  R. Doc. 64 at 15 (emphasis added).  To the extent that there is any difference in a "class of one" analysis and that advocated previously, the Court should not consider new arguments in a motion for reconsideration, much less one made in a reply memorandum.

in his class and received disparate treatment, but because his allegations do not state a plausible claim that he has been intentionally treated differently from others with whom he is similarly situated and that there is no rational basis for any such difference in treatment had it been adequately alleged. *Olech*, 528 U.S. at 564; *Stop Reckless*, 814 F.3d at 233. Among his conclusory allegations, Dr. Morice includes only one example of an unnamed TRMC-employed physician, whom he alleges violated the standard of care but was not charged with any violation by TRMC.[25] Dr. Morice has not alleged any facts to show that this physician was similarly situated to him, and even if he did, the Court doubts that one alleged example is sufficient to show that he was "intentionally treated differently from *others* with whom he is similarly situated." *Stop Reckless*, 814 F.3d at 233 (emphasis added). Regardless, as the Court has already determined, Dr. Morice has failed to show that it was irrational for TRMC to pursue charges against him, as concern for patient care is certainly a rational basis for such action.[26] Therefore, Dr. Morice has not demonstrated that the Court erroneously dismissed his equal-protection claim or caused manifest injustice in doing so.

Finally, that the Court did not grant TRMC immunity at the motion-to-dismiss stage[27] or did not dismiss Dr. Morice's contract claims has no bearing on his constitutional claims.

In sum, Dr. Morice has failed to demonstrate any grounds for reversal of the Court's dismissal of his due-process and equal-protection claims.[28]

---

[25] R. Doc. 64 at 16, ¶ 42. In his memoranda, Dr. Morice's states that TRMC-employed physicians "Dr. John Bloss and Dr. Prosperie" also deviated from the standard of care, yet received no variances or any level assessment. R. Docs. 82 at 50; 90-1 at 19. In addition to lacking any specificity showing that these physicians were similarly situated to Dr. Morice, these examples are not included in the amended complaint, and as such, the Court may not consider them.

[26] R. Doc. 86 at 49.

[27] As Defendants correctly note, the Court did not outright deny TRMC immunity, as Dr. Morice implies, but rather held only that immunity is "inappropriate at the motion-to-dismiss stage." R. Docs. 86 at 22-27; 90-1 at 17; 91 at 7.

[28] The Court adds that Dr. Morice's renewed request to be granted leave to amend is without merit. The Court has already considered this request, and Dr. Morice offers no reason why it was error to deny it. He has not

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dr. Morice's motion for reconsideration (R. Doc. 90) is DENIED.

New Orleans, Louisiana, this 13th day of February, 2020.

                                                     BARRY W. ASHE
                                                     UNITED STATES DISTRICT JUDGE

---

shown that any amendment would cure the deficiencies in his amended complaint. Furthermore, Dr. Morice filed his amended complaint nearly a year ago, on March 15, 2019. R. Doc. 64. He has had more than enough time to amend these claims, and no further delay of these proceedings is warranted.